**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CR-218 HEA |
| | ) | |
| | ) | |
| ROBERT J. REID, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Robert J. Reid's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 84). The government opposes Defendant's motion and filed a Motion to Strike and/or Dismiss Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582. For the reasons stated below, Defendant's motion for compassionate release is denied, and the government's motion to strike and/or to dismiss is denied as moot.

## *I. Background*

On May 25, 2016, Defendant was charged with possession with intent to distribute heroin (Count I); possessing a firearm in furtherance of a drug trafficking crime (Count II); and being a convicted felon in possession of a firearm. Sometime in November 2016, Defendant and the government entered into a plea agreement.

Defendant agreed to plead guilty to Counts I and III, and in exchange, the United States agreed to dismiss Count II at sentencing.

On November 22, 2016, Defendant pleaded guilty to Possession with Intent to Distribute Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant had a total offense level of 29 and a criminal history category of VI, and the Guideline imprisonment range was 151 months to 188 months. (ECF Nos. 40 at 25; 66 at 1). Defendant was determined to be a career offender, and on April 18, 2017, the Court sentenced Defendant to 151 months imprisonment to be followed by three years of supervised release, which was at the bottom of the Guidelines range.[1] (ECF No. 75 at 16). Defendant appealed his conviction, which was denied. (ECF No. 81).

Defendant now seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act. In his motion for compassionate release, Defendant argues that since the time of his sentencing in April 2017, Missouri voters adopted Amendment 3, which resulted in the expungement of his two state marijuana convictions. Mo. Const. Art. XIV, § 2.10(7)-(8). He asserts that his career offender status was predicated on these two convictions, which have now been expunged, and that they triggered an inflated

[1]Defendant was sentenced by the Honorable Ronnie L. White. Judge White retired on July 31, 2024, and the case was assigned to the undersigned.

career offender Guideline range that added approximately eight years to his sentence. He also argues that without the marijuana convictions, his criminal history category would be reduced from Category VI to V. According to Defendant, without the marijuana convictions, his Guideline range would be 46-57 months, far less than the 151-188-month Guideline range at his 2017 sentencing. In his motion, Defendant requests a reduced sentence on the basis that he received an "Unusually Long Sentence." United States Sentencing Commission, Guidelines Manual ("USSG") §B1.13(b)(6).

The government opposes Defendant's motion on three grounds and moves that it be stricken or "dismissed." First, it argues that Defendant failed to exhaust his administrative remedies in that he did not wait 30 days after filing his request for compassionate release with the Bureau of Prisons. Therefore, according to the government, his motion must be denied, stricken, or dismissed. Second, even if the Court were to assume that an "unusually long sentence" is a lawful basis for compassionate release, Defendant does not qualify for relief because he has not served ten years of his sentence as required under USSG § B1.13(b)(6). Finally, the government argues that Defendant cannot establish a gross disparity between the sentence that he received in 2017 and the sentence he would receive today, because the expunged marijuana convictions do not change his career offender status or the Guideline range. The Court will address the government's third argument first, as

there has been a recent case from the Eighth Circuit Court of Appeals that is directly on point, and it is dispositive.

### *II. Discussion*

In general, "the court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A narrow exception to this rule is commonly referred to as compassionate release. § 3582(c)(1)(A)(i). The statute allows the Court to reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction[.]" *Id.* However, "Congress did not specify what 'extraordinary and compelling' reasons might warrant compassionate release." *Rutherford v. United States,* 146 S. Ct. 1320, 1327 (2026). Instead, Congress authorized the Commission to create policy statements that "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In 2016, the Commission recognized four categories of extraordinary and compelling reasons: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons . . . [a]s determined by the Director of the Bureau of Prisons." USSG Supp. to App. C, Amdt. 799 (2016).

Prior to 2018, only the Bureau of Prisons ("BOP") could ask a district court to reduce a prisoner's sentence on the grounds of compassionate release. In 2018,

Congress passed the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to allow a prisoner to request that BOP file a motion on his or her behalf, and, if BOP declines or fails to do so within 30 days, the prisoner may file a motion with the district court. 18 U.S.C. § 3582(c)(1)(A). While Congress amended the procedures for a motion for compassionate release, it did not amend the "extraordinary and compelling" standard.

The Commission did not update its policy statement to address the changes in the statute until 2023. In 2023, it amended its policy statement to add new categories to the list of "extraordinary and compelling," including "Unusually Long Sentence." *See* USSG App. C, Amdt. 814. Under this category:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(6).

In *Rutherford v. United States*, the United States Supreme Court held that Congress's nonretroactive change to 18 U.S.C. § 924(c) – "considered by itself or in combination with other factors" – did not constitute an "extraordinary and compelling" reason for reduction in sentence and, therefore, "cannot make a prisoner

eligible for compassionate release." 146 S. Ct. at 1335. In its decision, the Supreme Court declined to define the parameters of "extraordinary and compelling," but it did provide some guidance as to what qualifies as reasons for compassionate release. "'[E]xtraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing[,]" and "the 'heartland' of compassionate release [ ] has long been defined by a prisoner's personal circumstances." *Id.* at 1331. The Court noted that since 2023, the Commission has emphasized "essentially three grounds for compassionate release: (1) medical condition, (2) age, and (3) family circumstances," in other words, the prisoner's personal circumstances. *Id.* But for purposes of its decision, it "need not decide whether there are reasons beyond personal circumstances that could qualify as 'extraordinary and compelling.'" *Id.*

In the case at bar, Defendant argues that the retroactive expungement of his marijuana convictions establishes extraordinary and compelling circumstances within § 1B1.13(b)(6)'s meaning, because the change in the law renders the 151-month sentence he received an "unusually long sentence" in comparison to the term that would be imposed today. More specifically, he argues that his career offender status was based on his marijuana convictions, which are now expunged. He also argues that without the marijuana convictions, his criminal history category would be reduced from Category VI to V. According to Defendant, without the marijuana

convictions, his Guideline range would be 46-57 months, far less than the 151-188-month Guideline range at his 2017 sentencing.

Sentences for expunged convictions are not counted for purposes of computing criminal history under the Guidelines. USSG § 4A1.2(j). However, the Guidelines do not define the term "expunged." According to the Eighth Circuit Court of Appeals, "when determining whether a conviction is expunged under the guidelines, a court must examine the basis for the expunction." *United States v. Townsend*, 408 F.3d 1020, 1024 (8th Cir. 2005) (cleaned up). The Eighth Circuit has further instructed that "a state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category," and it defined expunged convictions under the Guidelines as those: "(1) reversed or vacated due to legal errors or later-discovered evidence exonerating the defendant, or (2) ruled constitutionally invalid." *Id.* at 1023 (citing § 4A1.2, cmt. n.6).

Recently, in *Lozano v. United States*, the Eighth Circuit examined whether Missouri's expungement of convictions for nonviolent marijuana offenses under Amendment 3 qualified as "expunged" under the Guidelines. 171 F.4th 1025, 1033 (8th Cir. 2025). After examining the definition of expunged set forth in *Townsend*, the Eighth Circuit concluded that the expungement of a conviction as a result of

Missouri's Amendment 3 was not an expunged conviction within the meaning of the Guidelines. *Id.* at 1034.

Therefore, under controlling Eighth Circuit law, Defendant's prior marijuana convictions were not expunged for purposes of the Guidelines, and his arguments that he would not be designated a career offender and that his criminal history category would be lower are without merit. Defendant has not established that he meets the "Unusually Long Sentence" category of USSG 1B1.13(6), and the Court finds there are no extraordinary and compelling reasons to support an early release. A reduction of sentence is not warranted under 18 U.S.C. § 3582(c) or the First Step Act. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Robert J. Reid's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 is **DENIED.** [ECF No. 84]

**IT IS FURTHER ORDERED** that the United States of America's Motion to Strike and/or Dismiss Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 is **DENIED as moot**. [ECF No. 88]

Dated this 25th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE